CLAUDE NEWBERRY, APPELLANT, v. UPSALA COLLEGE, A CORPORATION, RESPONDENT.

Submitted February 15, 1929—Decided October 14, 1929.

For the appellant, *Green & Green* (*Harry Green*, on the brief).

For the respondent, *Gabrielson, Conover & Stasse*.

PER CURIAM.

By a written contract dated June 1st, 1926, plaintiff was engaged by defendant as athletic coach and physical director for a term of three years at a salary of $2,600 per annum and board. By an arrangement outside the written contract plaintiff was given a room in the boy's dormitory for taking charge in the dormitory and keeping order there. The use of the room was in return for his acting as proctor.

In March, 1927, the college authorities expressed dissatisfaction with his services. The president of the college summoned him, said that the teams had been losing and the players and students thought that the best results had not been obtained, and asked him to resign. Amongst other complaints expressed by the president was that he heard there had been girls visiting plaintiff in the dormitory, which report plaintiff stated was true. Plaintiff refused to resign. Sometime in April the legal adviser of the college sent for the plaintiff, said that there was dissatisfaction at the college because of the athletics and urged him to resign, which, again, he refused to do. In June plaintiff read in a

newspaper that he had been "ousted," whereupon he called upon the college president who said that he did not "know anything about it, it was not authorized by him." Under date of July 10th, 1927, the college secretary wrote the plaintiff that on February 9th, 1927, the board of trustees had passed a resolution asking the plaintiff to tender his resignation effective at the close of the school term, and that under authority given by the board of trustees on June 13th, 1927, the teachers' committee had, on June 27th, 1927, called another coach to assume duties at the beginning of the next school year. That was the first word from the college or any representative thereof to the plaintiff informing him that that contract was being rescinded.

The suit was brought for damages alleged to have accrued from the rescission by defendant of its contract. On defendant's motion the trial court nonsuited the plaintiff at the close of the latter's case. From that judgment plaintiff appeals on the ground that the court erred therein.

The motion for nonsuit was specifically based on the ground that the plaintiff had on several occasions entertained girls at his room in the boys' dormitory in violation of the rules and regulations posted in the dormitory and of which the plaintiff had knowledge. The acts in question consisted of several occasions on which, after football games, girls had been in plaintiff's room and one occasion on which two girls had occupied his room all night, he sleeping elsewhere. There was neither evidence nor suggestion of immoral acts. The contention of the plaintiff is that the alleged violation of rules was a convenient pretense; that the real reason for his discharge was that winning school teams were not at once produced; and that the reason for lost games was to be found in the quality of available material and not in his services.

The rules and regulations are printed in the case as an exhibit of defendant, though we find no record of offer or admission in the transcript. We assume, however, that the exhibit is in evidence as counsel for both sides make references thereto in their briefs. There is nothing in the evi-

dence to carry clear conviction that the rules and regulations were intended to include the actions of the plaintiff. The first paragraph begins with the statement that "students are expected to conduct themselves in a quiet, orderly and courteous manner." The last paragraph is a pronouncement that "any student who persists in violating the rules and proves to be an undesirable occupant of the dormitory will be requested to vacate his room." Many of the intermediate provisions, by their terms and contexts, can relate only to students.

The specific provision of the rules upon which defendant relied in its motion for nonsuit is: "Girls are not permitted to visit boys' dormitories except by special permission and under proper chaperonage." Was this provision directed toward all occupants of the boys' dormitory, including the person acting as proctor as well as students? The foregoing question was, we believe, pertinent and material to a determination of the cause. Inasmuch as it was controverted and the answer was contingent upon a finding of fact, the court erred in taking the case from the jury. *Sommer Faucet Co.* v. *Commercial Casualty Insurance Co.*, 89 *N. J. L.* 693; *John S. Geiger Sons, Inc.*, v. *Edward M. Waldron, Inc.*, 100 *Id.* 93.

The judgment under review should be reversed.

*For affirmance*—PARKER, WHITE, HETFIELD, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, DEAR, JJ.   12.